Patrick B. Gilmore, Esq.
ATKINSON, CONWAY & GAGNON
Attorneys for Wells Fargo Bank, N.A.
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
(907) 276-1700
(907) 272-2082
pbg@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A. f/k/a NATIONAL BANK OF ALASKA, <br><br> Plaintiff, <br><br> vs. <br><br> M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MISS MINMAR, Official Number 592142, their engines, tackle, gear, equipment and appurtenances in rem; and HALIBUT KING CHARTERS, INC. and DONALD R. DOAN in personam, <br><br> Defendants. | **VERIFIED COMPLAINT IN REM AND IN PERSONAM** <br><br><br><br><br><br><br><br><br><br><br><br> Case No. A06-_____ CV |

Plaintiff, Wells Fargo Bank, N.A. f/k/a National Bank of Alaska ("Bank"), by and through its attorneys, Atkinson, Conway & Gagnon, files this complaint in rem and in personam, and alleges as follows:

**JURISDICTION AND PARTIES**

1.  This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325.

2.  Wells Fargo Bank, N.A., formerly known as National Bank of Alaska, ("Bank") is a national banking association organized and existing under the laws of the United States of America with an office and place of business at 301 West Northern Lights Blvd., Anchorage, Alaska 99503-2652, and conducting business in the State of Alaska and elsewhere.

3.  Defendant Donald R. Doan ("Doan") is an individual residing in the City of Homer, in the State of Alaska, and Defendant Halibut King Charters, Inc. is an Alaska corporation doing business in Alaska.

4.  The Defendant vessels M/V "HALIBUT ENDEAVOR" and M/V "MISS MINMAR" are owned by Halibut King Charters, Inc. and are now and during the pendency of this action will be within the jurisdiction of this Court.

## FACTUAL BACKGROUND

5.  On May 5, 2003, Halibut King Charters, Inc. executed a Promissory Note in favor of the Bank in the original principal amount of $73,000. A copy of this Promissory Note is attached as Exhibit A. The terms of the repayment of the Promissory Note are stated in the attached Exhibit A, as modified by that Change in Terms Agreement dated December 15, 2003, a copy of which is attached as Exhibit B.

6.  In order to secure the payment of the Promissory Note, principal and interest, Doan duly executed and delivered to the Bank a Commercial Guaranty dated May 5, 2003, pursuant to which Doan personally agreed to pay the Note. A copy of this Commercial Guaranty is attached as Exhibit C.

7. To further secure payment of the Promissory Note, Halibut King Charters, Inc. executed and delivered to the Bank a Fleet Preferred Marine Mortgage encumbering the M/V "HALIBUT ENDEAVOR", official number 549521 and M/V "MISS MINMAR", official number 592142 dated May 7, 2003. A copy of this Fleet Preferred Marine Mortgage is attached as Exhibit D.

8. By the terms and provisions of the Promissory Note and Fleet Preferred Marine Mortgage, Halibut King Charters, Inc. admitted that it was justly indebted to the Bank in the sum of $73,000, and granted, bargained, sold and mortgaged the whole of the vessels M/V "HALIBUT ENDEAVOR", official number 549521 and M/V "MISS MINMAR", official number 592142, together with all of the masts, bowspirits, boat anchors, cables, chains, rigging, tackle, apparel, furniture, and other necessaries thereunto appertaining and belonging.

9. The Fleet Preferred Marine Mortgage was filed for recording with the National Vessel Documentation Center and was duly recorded on May 30, 2003, at Book 03-78, page 167, which records shows the names of the vessels, the names of the parties to the mortgage, the time and date of the reception of the mortgage, the interest in the vessel mortgaged and the amount and date of maturity of the mortgage.

### FIRST CLAIM FOR RELIEF –
### IN REM
### FORECLOSURE ON FLEET PREFERRED MARINE MORTGAGE

10. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 9 above.

11. Halibut King Charters, Inc. failed to make the payments required by Exhibits "A", "B" and Exhibit "D."

12. Pursuant to the terms of the Promissory Note and the Fleet Preferred Marine Mortgage, the Bank declared all of the principal balance and interest owed under the Promissory Note and the Fleet Preferred Marine Mortgage to be immediately due and payable.

13. The Bank has demanded the sums due under the Promissory Note and the Fleet Preferred Marine Mortgage from both the borrower, Halibut King Charters, Inc., and from its guarantor, Doan. The principal balance due is $53,766.05, plus interest at the contract rate of $2,917.67 plus late charges of $379.76, for a total of $57,063.48, plus advances, costs, attorney's fees, and other sums due under the Promissory Note and Preferred Marine Mortgage.

14. Both Halibut King Charters, Inc. and Doan refused and continue to refuse to pay the amount of the accelerated balance of the Promissory Note and Preferred Marine Mortgage.

15. The Fleet Preferred Marine Mortgage states:

> But if default be made in such payments, or in any one of such payments, or if default be made in the prompt or faithful performance of any of the covenants herein contained, . . . [Mortgagee] . . . is hereby authorized to take possession of said goods, chattels, and personal property at any time, wherever found, . . . and to sell and convey the same, . . . to satisfy the said debt, interest, and reasonable expenses after first giving notice of not less than ten days, to be given by publication in some newspaper published in Anchorage, Alaska.

16. The Bank is entitled to the issuance of an *in rem* warrant of arrest instructing the United States Marshall to arrest the M/V "HALIBUT ENDEAVOR" and the M/V "MISS MINMAR", their engines, tackle, gear, equipment, and appurtenances, etc., and to detain them in his custody subject to further order of the court.

17. The Bank is entitled to judgment *in rem* in favor of the Bank against the M/V "HALIBUT ENDEAVOR" and the M/V "MISS MINMAR", foreclosing the Bank's Fleet Preferred Marine Mortgage for the sum of not less than $57,063.48, representing principal and interest due on the Promissory Note, together with interest, costs, and attorney's fees.

18. The Bank is entitled to an order directing the United States Marshal to sell the M/V "HALIBUT ENDEAVOR" and M/V "MISS MINMAR", their engines, tackle, gear, equipment and appurtenances, and all other necessaries pertaining and belonging to the vessels, and directing the disbursement of proceeds in the first instance to Plaintiff to the extent necessary to satisfy Plaintiff's judgment against the vessels.

### SECOND CLAIM FOR RELIEF – IN PERSONUM BREACH OF CONTRACT

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20. The Bank has made demand on Halibut King Charters, Inc. and Doan for payment of the balance due under the Promissory Note and Commercial Guaranty. Said demand has been refused.

21. The Bank is entitled to a judgment against Halibut King Charters, Inc. and Doan, jointly and severally, in the amount of $57,063.48, plus interest.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Issuance of an in rem warrant of arrest instructing the United States Marshall to arrest the M/V "HALIBUT ENDEAVOR" and the M/V "MISS MINMAR", their engines, tackle, gear, equipment, and appurtenances, etc., and to detain them in its custody subject to further order of the court.

2. Judgment in rem in favor of Plaintiff against the M/V "HALIBUT ENDEAVOR" and the M/V "MISS MINMAR", foreclosing Plaintiff's Fleet Preferred Marine Mortgage for the sum of not less than $57,063.48, plus interest, costs, and attorney's fees, said judgment to have priority over all other liens, mortgages or claimants.

3. For an order directing the United States Marshal to sell the M/V "HALIBUT ENDEAVOR" and M/V "MISS MINMAR", their engines, tackle, gear, equipment and appurtenances, and all other necessaries pertaining and belonging to the vessels, and directing the disbursement of proceeds to Plaintiff to the extent necessary to satisfy Plaintiff's judgment against the vessels.

4. For judgment in personam in favor of Plaintiff and against Halibut King Charters, Inc. and Doan, jointly and severally, for any deficiency remaining after sale of the M/V "HALIBUT ENDEAVOR" and M/V "MISS MINMAR".

5. For such other relief as the facts and law warrant.

Dated: January 13, 2006

*(signature)* Patrick B. Gilmore
Patrick B. Gilmore
420 L Street, Suite 500
Anchorage, AK 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
E-mail: acgecf@acglaw.com
ABA #7710121

## VERIFICATION

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

I, Gerard Diemer, being first duly sworn, depose and state that I am a Vice President of Wells Fargo Bank, N.A., plaintiff herein, and that I have read the foregoing complaint, and believe all statements therein are true and correct.

DATED this 13th day of January, 2006.

*(signature)*
Gerard Diemer, Vice President
Wells Fargo Bank, N.A.

SUBSCRIBED AND SWORN to before me this 13th day of January, 2006.

*(signature)*
Notary Public in and for Alaska
My Commission Expires: Nov. 19, 2007

*(Official Seal, State of Alaska, Notary Public)*