**BAROKAS MARTIN & TOMLINSON**
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A. f/k/a NATIONAL BANK OF ALASKA,<br><br>    Plaintiffs,<br><br>    and<br><br>M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MISS MINMAR Official Number 592142, their engines, tackle, gear, equipment and appurtenances in rem; and HALIBUT KING CHARTERS, INC., and DONALD R. DOAN in personam,<br><br>    Defendants. | No. 3:06-cv-00013-JKS-JDR |

### ANSWER TO VERIFIED COMPLAINT IN REM AND IN PERSONAM

Defendants, M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MISS MINMAR Official Number 592142, their engines, tackle, gear, equipment and appurtenances in rem; and HALIBUT KING CHARTERS, INC., and DONALD R. DOAN in personam ("Doans") by and through their attorneys, Barokas Martin & Tomlinson, herein Answer Plaintiff's Complaint averring and alleging as follows:

1. Admit.

2. Doans are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

3. Admit.

| | | |
|---|---|---|
| 1 | | |
| 2 | 4. | Admit. |
| 3 | 5. | Admit. |
| 4 | 6. | Admit. |
| 5 | 7. | Admit. |
| 6 | 8. | Admit. |
| 7 | 9. | These allegations are in the form of legal conclusions and, therefore, no response is required. |
| 8 | | To the extent any response is required, these allegations are denied. |
| 9 | 10. | These allegations are in the form of legal conclusions and, therefore, no response is required. |
| 10 | | To the extent any response is required, these allegations are denied. |
| 11 | 11. | Denied. |
| 12 | 12. | Admit. |
| 13 | 13. | Denied. |
| 14 | 14. | Admit that the Doans could not pay the accelerated balance of the Promissory Note and |
| 15 | | Preferred Marine Mortgage, but deny the remainder of the allegations contained therein. |
| 16 | 15. | Admit only that the referenced document speaks for itself and, therefore, deny the remainder |
| 17 | | of the allegations contained therein. |
| 18 | 16. | Denied. |
| 19 | 17. | Denied. |
| 20 | 18. | Denied |
| 21 | 19. | These allegations are in the form of legal conclusions and, therefore, no response is |
| 22 | | required. To the extent any response is required, these allegations are denied. |
| 23 | 20. | Denied. |
| 24 | 21. | Denied. |
| 25 | | Wherefore, having Answered Plaintiff's Complaint, Defendants assert the following |
| 26 | | |
| 27 | | |
| 28 | | |

Affirmative Defenses:

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.
2. Plaintiff is barred from receiving the relief sought in its Complaint because of its superseding, and or intervening negligence.
3. Plaintiff is barred from receiving the relief sought in its Complaint because of the doctrine of waiver.
4. Plaintiff is barred from receiving the relief sought in its Complaint because of the doctrine of estoppel.
5. Plaintiff is barred from receiving the relief sought in its Complaint because of the doctrine of unclean hands.
6. Plaintiff is barred from receiving the relief sought in its Complaint because of the doctrine of avoidable consequence.
7. Plaintiff has breached its duties and obligations under the contract at issue.
8. Plaintiff was itself negligence and, to that extent, Plaintiff's claims should be barred or reduced accordingly.
9. Fault should be apportioned to Plaintiff under Alaska Statute 09.17.080.
10. Plaintiff is barred from receiving the relief sought in its Complaint because of its failure to mitigate damages.
11. Plaintiff's claims are barred under the applicable statute of limitations.
12. Plaintiff's claims are barred under assumption of risk.
13. Plaintiff's claims are barred for failure to plead in necessary and indispensable parties.
14. The damages claimed by Plaintiff, if any there were, were caused or contributed to, in whole

1
2   or in part, by the negligence, breach of contract, or wrongful conduct of itself, and if
3   Defendants herein have failed to perform any oral or written promise, covenant, or condition,
4   their failure of performance was caused, and continues to be caused, by the acts or omissions
5   of Plaintiff, or others.
6   15.  Answering Defendants reserve the right to add further Affirmative Defenses as Discovery
7   and investigation may reveal or are available to them.
8   Wherefore, Defendants pray for the following relief:
9   1.  That Plaintiff's Complaint be dismissed and that it be awarded no damages or any of the
10  relief sought in its Complaint;
11  2.  That Defendants be awarded their costs and attorney fees in defending against this action;
12  and
13  3.  For such other and further relief as this Court deems just and equitable in the premises.
14  Dated this 24th day of February, 2006.

/s/ Herbert A. Viergutz
_____
Herbert A. Viergutz, Alaska Bar No.  8506088
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
E-mail: barmar@gci.net

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true copy of the above served via electronic service or mailed on the 24th day of February, 2006, to:

Patrick B. Gilmore, Esq.
Atkinson, Conway & Gagnon

**BAROKAS MARTIN & TOMLINSON**
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

4

1  420 L Street, Suite 500
2  Anchorage, AK 99501-1989

3       /s/ Herbert A. Viergutz
   _____
   Herbert A. Viergutz
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  **BAROKAS MARTIN & TOMLINSON**
   **1029 West Third, Suite 280**
26  **Anchorage, Alaska 99501**
   **Phone: (907) 276-8010**
   **Fax: (907) 276-5334**
27

28