Patrick B. Gilmore, Esq.
ATKINSON, CONWAY & GAGNON
Attorneys for Wells Fargo Bank, N.A.
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
(907) 276-1700
(907) 272-2082
pbg@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A. f/k/a NATIONAL BANK OF ALASKA,<br><br>    Plaintiff,<br><br>vs.<br><br>M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MISS MINMAR, Official Number 592142, their engines, tackle, gear, equipment and appurtenances in rem; and HALIBUT KING CHARTERS, INC. and DONALD R. DOAN in personam,<br><br>    Defendants. | **OPPOSITION TO MOTION TO REQUIRE PLAINTIFF TO REIMBURSE DEFENDANT $24,355.79** |
| | Case No. 3:06-cv-00013-TMB-JDR |

        This was a vessel foreclosure action. Plaintiff obtained an order authorizing issuance of an arrest warrant for certain vessels on February 22, 2006. Just prior to the scheduled foreclosure sale, the Defendant Borrowers paid off the loan secured by the

vessels, including all costs and attorney's fees.  At that point, this action became moot. Plaintiff had no occasion to seek an award of attorney's fees from Defendant, because Plaintiff had already been paid its attorney's fees.

Therefore, on March 22, 2006 Plaintiff filed a Voluntary Motion to Dismiss Without Prejudice.  Plaintiff requested the Court to dismiss the action because "shortly before the vessels were arrested, the Defendant satisfied the outstanding indebtedness they owed Wells Fargo."  Plaintiff's form of order requested the Court to dismiss the case without prejudice, each party to bear its own costs and attorney's fees.  There was no need to seek an award of attorney's fees, because the attorney's fees had already been paid in full. Plaintiff's motion was unopposed.  The motion was granted and the case was closed on March 28, 2006.

Now, over five weeks after the case was closed, Defendant has filed a motion requesting the Court to "require Plaintiff to reimburse Defendants" the attorney's fees previously paid.  This motion should be denied.  First, the case is closed.  Any motions for attorney's fees are long overdue.  Second, Defendants do not deny that the preferred marine mortgages at issue require them to reimburse Plaintiff for its actual attorney's fees and costs. Defendants do not deny that they owed the money, nor do they deny that they paid the money. Instead, they rely on the Court's order which provides that each party will bear its own costs and attorney's fees with respect to the dismissal.  This order does not, however, create a claim in favor of Defendants for a refund.  It simply recognizes the facts extant at the time the order was entered – i.e. that all attorney's fees had already been paid.

At a minimum, if the Court considers reopening the case, Plaintiff should be allowed an evidentiary hearing. There are a number of factual issues in Defendants' presentation that Plaintiff should be allowed to contest. For example, Defendants are seeking "reimbursement" of a $6,000 Marshal's fee that has already been returned to them. Moreover, Defendants were fully aware that the payoff number included costs and fees for this foreclosure and a prior foreclosure performed by another attorney.

For all these reasons, the motion should be denied.

| | |
|---|---|
| Dated: May 9, 2006 | s/ Patrick B. Gilmore |
| | 420 L Street, Suite 500 |
| | Anchorage, AK  99501 |
| | Phone:  (907) 276-1700 |
| | Fax:  (907) 272-2082 |
| | E-mail:  acgecf@acglaw.com |
| | ABA #7710121 |

I certify that on May 9, 2006,
a copy of the foregoing document
was served electronically on

Herbert A. Viergutz


By     s/ Patrick B. Gilmore