UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., f/k/a NATIONAL BANK OF ALASKA<br><br>            Plaintiff,<br><br>vs.<br><br>M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MINMAR, Official Number 59142, their engines, tackle, gear, equipment and appurtenances, in rem; and HALIBUT KING CHARTERS, INC. and DONALD R. DOAN, in personam,<br><br>            Defendants. | No. 3:06-cv-00013-TMB<br><br>ORDER DENYING MOTIONS AT DOCKETS 27 and 29 |

I.    MOTION PRESENTED.

At docket 27 defendants M/V *Halibut Endeavor*, M/V *Minmar*, Halibut King Charters, Inc. and Donald R. Doan, have moved for an order compelling plaintiff Wells Fargo Bank to reimburse them $24,355.79, which they alleged was paid Wells Fargo in error. At docket 29 defendants have also moved to reopen the case to permit them to file the motion at docket 27. Wells Fargo has opposed both motions (at dockets 31 and 32, respectively). The Court heard oral argument on August 21, 2006, at which the Court suggested the parties meet and confer in an attempt to resolve their differences. On August 28, 2006, defendants advised the Court that the parties were unable to settle. The Court, having considered the moving papers, opposition, and arguments of counsel at oral argument, for the reasons set forth below, denies the motions.

II.      BACKGROUND.

Wells Fargo commenced this action *in rem* against the vessels and *in personam* against Halibut King Charters and Donald DOAN to foreclose on a preferred ship mortgage and collect on the underlying promissory note, invoking the admiralty jurisdiction of this Court.[1] The defendants answered the complaint.[2] Wells Fargo proceeded to execute the warrants for arrest of the vessels and they were returned by the U.S. marshal as executed on March 21, 2006.[3] The following day, March 22, Wells Fargo filed a voluntary Motion to Dismiss under FED. R. CIV. P. 41(a)(2).[4] That same day magistrate Judge Roberts recommended the motion be granted;[5] on March 28, 2006, the Court granted the motion to dismiss without prejudice, each side to bear its own attorney's fees and costs.[6]

III.     DISCUSSION.

Defendants have provided no authority and the Court has been unable to find any for reopening the case or granting the relief requested in the motion at docket 27. Defendants request that this Court order Wells Fargo to refund monies: monies that were paid to Wells Fargo voluntarily before the case was dismissed.

The gist of Defendants' argument is that Wells Fargo should be compelled to refund the attorney's fees and costs that Defendant's paid contrary to either (1) the express settlement agreement between the parties or (2) the order of this Court that each party bear its own attorney's fees and costs.

---

[1] Docket 1.

[2] Docket 14.

[3] Dockets 22, 23.

[4] Docket 24.

[5] Docket 25.

[6] Docket 26.

In general, a dismissal under Rule 41(a) terminates the proceedings before the court and no further action in the case is proper.[7/] The two avenues to obtain post-judgment relief in the district court are under Rules 59 and 60 of the Federal Rules of Civil Procedure. The motion, having been made more than 10 days after the entry of the dismissal, is untimely under Rule 59.[8/] Defendants have neither argued nor provided any basis for relief under Rule 60. In addition, Defendants have not asked for any relief that might be otherwise granted under either Rule 59 or 60, *i.e.*, to vacate, modify, amend or alter the dismissal order. What they are asking the Court to do is to enforce either (1) the settlement agreement or (2) the dismissal order.

When the dismissal order was entered, this Court exhausted its jurisdiction over the cause and the parties, leaving nothing for it to decide. Nor did it retain jurisdiction over the case or the settlement agreement. With respect to the precise issue presented by the motion, the Court specifically determined that each party would bear its own attorney's fees and costs. The Defendants seek reimbursement of amounts *voluntarily*[9/] paid *prior to entry* of the dismissal order. Wells Fargo has not taken any action contrary to or in violation of the order—just as there is nothing for the Court to decide there is nothing in the order for the Court to enforce.

As for the settlement agreement, since the Court did not reserve jurisdiction over the settlement, a contractual matter, its jurisdiction to enforce the settlement agreement cannot stand on the original jurisdictional basis in this Court.[10/] An independent basis for jurisdiction must exist.[11/] Since the controversy does not involve a question of federal law, the sole avenue available for jurisdiction is diversity.[12/] However, this Court

---

[7/] *See generally* 9 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FED. PRAC. & PROC. CIV., § 2367 (2d ed.).

[8/] FED. R. CIV. P. 59(b).

[9/] Defendants contend that this payment was mistakenly made.

[10/] *Kokkenen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

[11/] *Id.*

[12/] 28 U.S.C. § 1332.


lacks diversity jurisdiction. First, the amount in controversy is less than $75,000.[13]  Second, there is no diversity of citizenship between the parties. All the defendants are citizens of Alaska. Wells Fargo, as a national bank, for diversity jurisdictional purposes, is deemed to be a citizen of the state in which it is located: Alaska.[14]

IV.    CONCLUSION.

For the foregoing reasons, defendants' M/V *Halibut Endeavor*, M/V *Minmar*, Halibut King Charters, Inc. and Donald R. Doan Motion to reopen Case After Dismissal to Consider Defendants Motion for Return of Money at docket 29 and Motion to Require Plaintiff to Reimburse Defendant $24,355.79 at docket 27 are **DENIED**.

Dated:    August 30, 2006

                                              s/ Timothy M. Burgess
                                              TIMOTHY M. BURGESS
                                              United States District Judge

---

[13] 28 U.S.C. § 1332(a).

[14] 28 U.S.C. §1348; *Cope v. Anderson*, 331 U.S. 461, 467 (1947).