Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| WELLS FARGO BANK, N.A.f/k/a NATIONAL BANK OF ALASKA,<br><br>    Plaintiffs,<br><br>and<br><br>M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MISS MINMAR Official Number 592142, their engines, tackle, gear, equipment and appurtenances in rem; and HALIBUT KING CHARTERS, INC., and DONALD R. DOAN in personam,<br><br>    Defendants. | No. 3:06-cv-00013-TMB-JDR |

### MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

The essential purpose of permitting substantive relief from a Judgment or Order is to allow the Federal Courts to strike the proper balance between two often conflicting principals - that litigation must be brought to a final close and that justice must be done. *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646 (2005).

1

Relief from an Order may be granted where the evidence has been newly discovered; the moving party was diligent in discovering the new evidence; the new evidence is not merely cumulative or impeaching; the new evidence is material; and in view of the new evidence, it would probably produce a different result. *Gonzanez-Pina v. Rodrigriduez*, 407 F. 3d 425, 433 (1st Cir. 2005). Implicit in these elements is the recognition that the newly-discovered evidence must be evidence of facts that were not in existence at the time of Trial. *General Universal Sys., Inc., v. Lee*, 379 F. 3d 131 (5th Cir. 2004). Moreover, the newly discovered evidence must be both admissible and credible. *Goldstein v. MCI Worldcom*, 340 F. 3d 238, 257 (5th Cir. 2003).

In this case, as articulated in the Affidavit of Defendant, Donald Doan, filed in support of their Motion for an Order compelling Plaintiff to reimburse them $24,355.79, (a copy of which is attached hereto as Exhibit A), Defendants were not aware that the amount being paid included attorney fees, but rather were under the clear understanding that the amount tendered was the amount due and owing on the principal obligation. It was not until after the date that the Order of Dismissal was filed that Defendants first became aware that their payment included attorney fees, which was contrary to the Dismissal Order scrivened by Plaintiff. The attorney fees were not voluntarily paid prior to the entry of the Dismissal Order, as Defendants did not believe they were paying attorney fees. Additionally, Wells Fargo did take specific action contrary to and in violation of the Court Order of Dismissal, as the Order it scrivened

2

and filed prior to the date of informing Defendants that attorney fees were being paid. Plaintiff was speaking out of the other side of its mouth by presenting to the Court an Order for execution evidencing that attorney fees were not to be enforced or collected by either party. The Court clearly can enforce its own Order or chose not to do so, which is grounds for an Appeal.

Secondly, relief from Judgment should be Ordered as a result of the fraud, misrepresentation, and misconduct of Plaintiff. Clearly, Defendants possess a meritorious claim for Trial purposes, based upon Plaintiff producing an Order to the Court which was directly contradictory to their actions, i.e., stating that costs and attorney fees were to be born by each party, while at the same time collecting those same attorney fees from Defendants. Plaintiff engaged in fraud, misrepresentation or other misconduct. *Harley v. Zoesch*, 413 F. 3d 866, 870 (8th Cir. 2005).

Plaintiff's conduct prevented Defendants from fully and fairly disposing of the litigation, as they were unaware of Plaintiff's misrepresentations of collecting attorney fees, while submitting to the Court that neither party was to collect attorney fees. Further, Defendants could not have acted more promptly in seeking a segregation of the amount demanded by Plaintiffs, as the vessels were being seized the day following the payment, with Plaintiffs requesting but never receiving a breakdown of the monies requested. (See Affidavit of Elizabeth Doan filed herewith.)

3

The Rule is reserved for Orders that were unfairly obtained, which occurred in the instant case. This provision is remedial, and must be liberally construed. *Hesling v. CSX Transp., Inc.*, 396 F. 3d 632, 641 (5th Cir. 2005). In appropriate cases, relief under this Rule will be granted to remedy belatedly uncovered misconduct. *General Universal Sys., Inc.*, *supra*.

Next, relief from the Order should be granted where, as here, the circumstances justifying the Order have changed. In this case, the continued enforcement of the Order would be inequitable. *Agostini v. Felton*, 521 U.S. 203 117 S.Ct. 1997, 138 L.Ed. 2d 391 (1997). This encompasses the traditional power invested in a court of equity to modify its decree when appropriate in view of changed circumstances. *Frew v. Hawkins*, 540 U.S. 431, 441-42, 124 S. Ct. 899, 905-06, 157 L. Ed. 2d 855 (2004). In the instant case, the changed circumstances of Defendants first being aware of attorney fees being collected as part of the demand monies to satisfy the principal balance of the Note were not known until the Court executed its Order of Dismissal. Complying with the Order causes extreme and unexpected hardship to Defendants, which constitute a good reason for modification. *United States v. Kayser-Roth Corp.*, 272 F. 3d 89, 95 (1st Cir. 2001).

Finally, relief from the Order may be permitted to further the interests of justice, i.e., the "catch-all" category reserved for extraordinary circumstances. Crosby, supra, at 2649. Relief under this "catch-all" provision generally requires a showing of actual

injury, and the presence of circumstances beyond the movant's control that prevented timely action to protect his/her interests. *Lehman v. United States*, 154 F. 3d 1010, 1017 (9th Cir. 1998).

In the instant case, it cannot be disputed that Defendants suffered an actual injury by over compensating Plaintiff the amount of $24,355.79. Additionally, the circumstances were beyond the Defendant's control, as a demand was made and notice received that their vessels would be seized the following day unless the entire unsegregated demand amount was paid immediately. That amount was paid, with Plaintiff only later providing an accounting. That was Defendants first notice that the "principal balance" included payment of attorney fees, which payment was contrary to the Order of Dismissal executed by the Court. As a result, the amounts were not voluntarily paid prior to the entry of the Dismissal Order. The Court can certainly enforce this Order or chose not to do so, which would be an abuse of discretion. *McCurry Ex. Rel., Turner v. Adventisti Health Sys./Sunbelt, Inc.*, 298 F. 3d 586, 592 (6th Cir. 2002).

The Court generally does not need to enter findings of fact and conclusions of law to grant Rule 60(b) relief. *Atkinson v. Prudential Property Co.*, 43 F. 3d 367, 374 (8th Cir. 1994).

Dated this 6th day of September, 2006.

/s Herbert A. Viergutz

---

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010  Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 6th
day of September, 2006, to:

Patrick B. Gilmore, Esq.
Atkinson, Conway & Gagnon
420 L Street, Suite 500
Anchorage, AK 99501-1989

/s Herbert A. Viergutz