Patrick B. Gilmore, Esq.
ATKINSON, CONWAY & GAGNON
Attorneys for Wells Fargo Bank, N.A.
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
(907) 276-1700
(907) 272-2082
acgecf@acglaw.com


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. f/k/a<br>NATIONAL BANK OF ALASKA,<br><br>               Plaintiff,<br><br>     vs.<br><br>M/V HALIBUT ENDEAVOR, Official<br>Number 549521, M/V MISS MINMAR,<br>Official Number 592142, their engines,<br>tackle, gear, equipment and<br>appurtenances in rem; and HALIBUT<br>KING CHARTERS, INC. and<br>DONALD R. DOAN in personam,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **OPPOSITION TO MOTION FOR<br>RELIEF FROM JUDGMENT** |
| _____ ) | | Case No. 3:06-cv-00013-TMB-JDR |

On August 30, 2006 this Court denied Defendants' motion for an order

compelling Plaintiff to reimburse Defendants for certain sums Defendants allege they paid

to Plaintiff by mistake.  The Court further denied Defendant's motion to reopen the case.

The Court's order noted that Wells Fargo has not taken any action contrary to the Court's order of dismissal, the order of dismissal did not retain jurisdiction over any alleged settlement agreement, and there is no other basis for federal jurisdiction.  See, Kokkenen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)  As a result, the Court concluded it lacked jurisdiction to entertain the motions.

The instant motion does not address the Court's conclusion on jurisdiction. The motion must be denied for the simple reason that the Court lacks jurisdiction to enter the requested relief, and Defendants do not contend otherwise.

Although the jurisdictional issue is dispositive, Plaintiff is compelled to respond to an inaccurate statement in Defendants' brief.  Defendants claim that "in the instant case, the changed circumstances of Defendants first being aware of attorney fees being collected as part of the demand monies to satisfy the principal balance of the Note were not known until the Court executed its Order of Dismissal." (Defs.' Br., p. 4)  This statement is incorrect.  Defendants requested an accounting on March 20, 2006.  (Defs.' Ex. 2)  Plaintiff provided the accounting on March 24, 2006.  (Defs.' Ex. 3).  The case was dismissed on March 28, 2006.  Defendants were provided with a full accounting of the pay-off computation, including the attorneys' fees calculation, four days prior to the dismissal.

Although Defendants were informed the loan pay-off included attorneys' fees, they took no action and allowed the case to be dismissed.  The first pleading seeking "recovery" of costs and fees was filed on May 5th, six weeks after Defendants were provided a written accounting of the pay-off computation.  Defendants had full knowledge of their

alleged error prior to dismissal, and chose to do nothing about it. They waited more than

five weeks after the case had been dismissed and the file closed before they attempted to

correct the alleged error. They have offered no excuse for the delay.

For all these reasons, the motion should be denied.

Dated: September 8, 2006                    s/ Patrick B. Gilmore
                                            _____
                                            420 L Street, Suite 500
                                            Anchorage, AK  99501
                                            Phone:  (907) 276-1700
                                            Fax:  (907) 272-2082
                                            E-mail:  acgecf@acglaw.com
                                            ABA #7710121


I certify that on September 8, 2006,
a copy of the foregoing document
was served electronically on

Herbert A. Viergutz



By        s/ Patrick B. Gilmore
     _____