UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., f/k/a NATIONAL BANK OF ALASKA<br><br>                    Plaintiff,<br><br>          vs.<br><br>M/V HALIBUT ENDEAVOR, Official Number 549521, M/V MINMAR, Official Number 59142, their engines, tackle, gear, equipment and appurtenances, in rem; and HALIBUT KING CHARTERS, INC. and DONALD R. DOAN, in personam,<br><br>                    Defendants. | No. 3:06-cv-00013-TMB<br><br>ORDER DENYING MOTION AT DOCKET 38 |

I.     MOTION PRESENTED.

At docket 38 defendants M/V *Halibut Endeavor*, M/V *Minmar*, Halibut King

Charters, Inc., and Donald R. Doan, have moved under Rule 60(b), Federal Rules of

Civil Procedure, for an order compelling plaintiff Wells Fargo Bank to reimburse

defendants $24,355.79.  Plaintiff has opposed the motion and defendants have replied.

Neither party has requested oral argument and the Court has determined that oral

argument would not assist the Court in deciding the motion.

II.     BACKGROUND.

Wells Fargo commenced this action *in rem* against the vessels and *in personam*

against Halibut King Charters and Donald DOAN to foreclose on a preferred ship

mortgage and collect on the underlying promissory note, invoking the admiralty

jurisdiction of this Court.[1]  The defendants answered the complaint.[2]  Wells Fargo proceeded to execute the warrants for arrest of the vessels and they were returned by the U.S. marshal as executed on March 21, 2006.[3]  Prior thereto, on March 17, Defendants paid Plaintiff $82,418.79 in full satisfaction of the amount demanded by Plaintiff as due on the loan.[4]  On March 22, Plaintiff filed a voluntary Motion to Dismiss under FED. R. CIV. P. 41(a)(2).[5]  On March 28, 2006, the Court granted the motion to dismiss without prejudice, with each side to bear its own attorney's fees and costs.[6]

Subsequently, Defendants moved for an order compelling plaintiff Wells Fargo Bank to reimburse them $24,355.79, which they alleged was paid Wells Fargo in error prior to the time the dismissal order was entered.[7]  The Court denied the motion for lack of jurisdiction to grant the relief requested.[8]

III.   DISCUSSION.

The motion at bar presents two issues: (1) are Defendants entitled to relief under Rule 60(b); and (2), if entitled to relief, to what relief are they entitled?  First, the Court notes that Plaintiff is mistaken that the fact that the Court lacked jurisdiction to grant the relief requested in the prior motion, was not the same as saying that it lacked jurisdiction for all purposes.  The court clearly retains jurisdiction to grant relief under Rule 60(b).

Defendants have not specified the provision of Rule 60(b) under which the motion is brought.  A review of the Memorandum in support of the motion indicates that Defendants are apparently relying on paragraphs (b)(2) (newly discovered evidence),

---

[1] Docket 1.

[2] Docket 14.

[3] Dockets 22, 23.

[4] Affidavit of Donald Doan ("Doan Affidavit"), ¶ 1; Exh. 2. [The original affidavit was filed at Dockets 27-3 to 27-11, inclusive.]

[5] Docket 24.

[6] Docket 26.

[7] Docket 27.

[8] Docket 37.

(b)(3) (fraud, misrepresentation, or other misconduct of a party), (b)(5) (changed circumstances making continued enforcement of the order inequitable), or (b)(6) (any other reason justifying relief from the judgment).

The record reveals the following facts, in chronological order, which do not appear to be in dispute.

1.    On March 16, 2006, Defendants were notified by counsel for Plaintiff that:[9/]

> Pursuant to the your client's request, the payoff amount for the boats is $82,404.61.  Please be advised that the seizure is scheduled for next Tuesday, March 21, 2006.  If your clients pay Wells Fargo before the seizure, we will credit them with what the U.S. Marshall [*sic*] returns to us out of the $6,000 seizure fee.

2.    The following day, March 17, Defendants "paid off the loan amount."[10/]

3.    On March 20, Defendants' counsel notified Plaintiff's by facsimile:

> Attached is proof of payoff for the Halibut King Charter's inc. loan which was credited to the account on March 17, 2006.  Mr. David Derham, V.P. of Wells Fargo said he was going to contact Mr. Deimer and yourself.  Ms. Doan left a message at the U.S. Marshall s [*sic*] office on Friday, advising of the payoff.  When can we expect to receive the promised refund of the U.S. Marshall [*sic*] fee and an accounting of the payoff amount.  Thank you.

4.    On March 22, Plaintiff filed a voluntary Motion to Dismiss, stating:[11/]

> In February 2006 Wells Fargo began proceedings to arrest the M/V Halibut Endeavor and M/V Miss Minmar.  After these proceedings were begun, and shortly before the vessels were arrested, the Defendants satisfied the outstanding indebtedness they owed Wells Fargo.

> The claims asserted against the Defendants in this litigation are therefore moot.  Wells Fargo asks the Court to dismiss its complaint without prejudice.  The defendants have asserted no counterclaims in this litigation.

---

[9/] Doan Affidavit ¶ 1; Exh. 1, page 1 (Docket 27-6).

[10/] Doan Affidavit ¶ 1; Exh. 2 (Dockets 27-7 and 27-8).

[11/] Docket 24.

The motion was accompanied by a proposed order that provided in part: "The Plaintiff's complaint in Case No. 3:06-cv-0013-TMB-JDR is dismissed without prejudice, each party to bear its own costs and attorney's fees."

5.      On March 24, Plaintiff's counsel hand delivered to Defendant's counsel a letter forwarding a check in the amount of $6,000.00 representing the refund of the U.S. Marshal's fee, a copy of the accounting of the payoff, and advising that at the time of the payoff there was an additional $8,315.52 due Plaintiff's counsel (including the $6,000.00 U.S. Marshal's fee).[12]   The accounting shows that Plaintiff was owed $53,766.05 principal plus $4,296.95 in interest and late charges through March 16, for a total, principal and interest, of $58,063.00.  To this was added $24,341.61 in attorney's fees and costs (including the $8,315.42 due Plaintiff's counsel), for a total payoff on that date of $82,404.61.

6.      On March 28, the Court entered a text only Order:[13] "IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED, and this matter is dismissed without prejudice, with each party to bear its own costs and attorney's fees."

In his affidavit in support of the motion Donald Doan states:[14]

2.      It was our understanding that the principal balance of the loan, plus interest and late payment charges, were what made up the total amount due and owing.  We instructed our attorney to settle this litigation in total, each party bearing its own costs and attorney fees.

3.      However, when we received the requested accounting with the payoff information from Plaintiff's counsel (Exhibit 3 hereto), it was clear that attorney fees had been added on to the principal balance, plus interest.  Therefore, we have overpaid the loan amount by $24,355.79.

4.      Two days previous to receiving the March 24, 2006 letter, with attachments (Exhibit 3 hereto), Plaintiff's counsel had filed its Voluntary Motion to Dismiss, with Proposed Order, pursuant to agreement our counsel had reached with Plaintiff's counsel, which order states:

[Balance of paragraph omitted]

---

[12] Doan Affidavit, Exh. 3 (Docket 27-9, 27-10, and 27-11).

[13] Docket 26.

[14] Doan Affidavit, page 2 (Docket 27-4).

5.      As a result, the attorney fees which we did not agree to pay, but which were added onto the principal balance of our loan, in the amount of $24,355.89, should be ordered to be returned to us.  The same is herein requested.

The "newly discovered" evidence upon which the motion is based is that the payoff figure included attorney's fees and costs, not just principal and interest, contrary to the "understanding" of Donald Doan, which, according to Mr. Doan, the defendants had not agreed to pay.  Mr. Doan's conclusory statements as to the "understanding" and what was agreed to be paid are unsupported by facts in the record.[15/]  First, the express language of the loan documents, clearly provide for payment of attorney's fees and costs.[16/]  Second, the communications that are part of the record clearly indicate that the amount quoted was the payoff amount, which is presumably the amount due and owing under the terms of the loan documents.  Defendants do not assert that the amount demanded and paid was not the correct payoff amount.  Taken in proper context, the new evidence goes not to the dismissal order, but to the predicate amount paid upon which the request for dismissal was based.

Defendants also allege fraud on the part of Plaintiff, specifically Plaintiff's counsel in moving for dismissal.  Plaintiff's counsel stated (1) that the indebtedness had been satisfied and (2) the action was now moot.  Neither contention was false.  Defendants contend that in submitting the proposed order providing that each party would bear its own attorney's fees and costs after collecting those fees and costs from Defendants was somehow fraud upon the court.  The Court disagrees.  At most, the proposed order, as well as the Order entered by the Court, merely foreclosed any further award of attorney's fees and costs under FED. R. CIV. P. 54(d).  Nothing in either the motion to dismiss or the proposed order addressed the question of the attorney's fees and costs

---

[15/] Mr. Doan's assertion as to the agreement reached by his counsel with counsel for Plaintiff is unsupported hearsay.  Nothing in the record that indicates there was any agreement that Plaintiff would waive its attorney's fees and costs.

[16/] Docket 1, Exh. A, p. 1; Exh C, p.2.

included in the payoff amount owed to Plaintiff under the loan documents, which constituted the amount that was paid.[17/]

On the change of circumstances argument, nothing has changed since the dismissal order was entered. Defendant's argument on this point is somewhat contradictory and inconsistent. Defendants argue in one breath that continued enforcement of the dismissal order would be inequitable and in the next argue that it would be an abuse of discretion for the court not to enforce its order by ordering a refund of the amounts alleged to have been erroneously paid. Furthermore, the assertion that Defendants were unaware that the amounts paid included more than principal and interest due until the court executed its order of dismissal is belied by the record. What the payoff amount consisted of was known to Defendants' counsel four days earlier on March 24 when the letter containing the $6,000.00 refund check and the accounting was hand delivered to his office.

Defendants have not established cause for relief under Rule 60(b)

Even assuming that Defendants are entitled to relief under Rule 60(b) from the dismissal order—just what relief can the Court grant and what purpose does it serve? Defendants' motion requests an order for the return of funds ostensibly erroneously paid prior to entry of the dismissal order. Rule 60(b) permits the Court to "relieve a party or a party's representative *from* a final judgment, order, or proceeding." (Emphasis added). The relief sought is not relief from the dismissal order, but that the Court enforce that order according to Defendants' interpretation of its scope and effect, which the Court has already declined.[18/] The Court can certainly vacate the dismissal order, which would restore the *status quo ante* to March 27, 2006. However, what good would that do? Assuming Defendants did not understand that Wells Fargo's demand included attorney's fees and costs, and, to that extent, have what one might consider a

---

[17/] It is important to note that the evidence submitted by Defendants in support of their motion clearly shows that even though they argue they are owed $24,355.79, Plaintiff had earlier returned $6,000.00 of that $24,355.79. Nevertheless, Plaintiffs continue to assert they owed the full $24,355.79.

[18/] Docket 37.

meritorious defense; what Defendants have not even asserted, let alone established, is that the amount of money that Wells Fargo demanded be paid was not actually owed to Wells Fargo under the terms of the promissory note and security agreement upon which the suit was based.

Contrary to their arguments, the evidence does not show that this is a case in which Defendants were compelled to pay monies that were not justly due.

IV.    CONCLUSION.

For the foregoing reasons, the Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b) at Docket No. 38 by defendants' M/V *Halibut Endeavor*, M/V *Minmar*, Halibut King Charters, Inc. and Donald R. Doan  is **DENIED**.

Dated:        October 2, 2006

                                             s/ Timothy M. Burgess
                                        TIMOTHY M. BURGESS
                                        United States District Judge

ORDER [Re: Motion at Docket 38]
*Wells Fargo Bank v. M/V Halibut Endeavor*,
No. 3:06-cv-00013-TMB